DECKERS OUTDOOR CORPORATION,

       Plaintiff,

v.

BIRENE, et al.,

       Defendants.

Case No. 26-cv-02736

**Judge Mary M. Rowland**

**Magistrate Judge M. David Weisman**

## FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff Deckers Outdoor Corporation ("Deckers" or "Plaintiff") against the fully interactive e-commerce stores operating under the seller aliases identified in the Complaint (collectively, the "Seller Aliases"), and Plaintiff having moved for entry of Default and Default Judgment against birene, Givenyou, Goosliipx, JiNanShiLiChengQuJinZhiXiuYiShuPeiXunXueXiaoYouXianGongSi, KEEPBEAUTY, ZZRC, a serene life, abaidedian, Aidubaos, AkiMADE, CC Success, CenShen, Chenrisheng Shop, Customized cosmetic bag Fkr, Da wang shoes, dadaxiaoxiao, Good Idea Clothing Shop, GUO MGJND, HKTWWM, Homestead HavenGO, LAIWEIBING, LIAODUOXIA, LIME FOFEN, Maneki Nekos, Mans shoe, NGSA, OOPOWO shoopff, QINGTINGDUIZ, QingXIA ZZ, REWQDX, RTYERT, ruihangdianzi, Slippers Life, SparkleHome Living, Strong Black Eagle, Trend Accent, XiaoHuaYouXuan, XIAOKEDOU, XIGUAYA, YUKIKIKI, yunnvxiaodian, yunshengdebaihuo, zai shoes, and zhumexiaodu (collectively, the "Defaulting Defendants") based on Plaintiff's action for trade dress infringement and violation of the Illinois Uniform Deceptive Trade Practices Act;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars from U.S. consumers, and have sold products embodying Plaintiff's trade dress (the "Tasman® Trade Dress") to residents of Illinois. Examples of the Tasman® Trade Dress are shown below.

 

 

This Court further finds that Defaulting Defendants are liable for willful federal trade dress infringement (15 U.S.C. §1125(a)) and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default, that Defaulting Defendants infringed the Tasman® Trade Dress, and that this Final Judgment is entered against Defaulting Defendants.

The Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert or participation with them be permanently enjoined and restrained from:

   a. copying the Tasman® Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine UGG® Product;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG® Productor any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Tasman® Trade Dress;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Tasman® Trade Dress and damaging Plaintiff's goodwill;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which infringe upon any of Plaintiff's trademarks or trade dress, including the Tasman® Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof;

f. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Tasman® Trade Dress; and

g. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f), above.

2. Defaulting Defendants shall, within fourteen (14) days after service of judgment with notice of entry thereof upon them, recall from any distributors and retailers and deliver to Plaintiff for destruction any Infringing Products, including the means of making such products.

3. Defaulting Defendants shall, within fourteen (14) days after service of judgment with notice of entry thereof upon them, file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defaulting Defendants have complied with Paragraph 1, (a) through (g), above.

4

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Seller Aliases, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), and WhaleCo Inc. ("Temu") (collectively, the "Third Party Providers") shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods embodying the Tasman® Trade Dress.

5. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is awarded profits from each of the Defaulting Defendants for willful trade dress infringement in connection with the sale of products embodying the Tasman® Trade Dress through at least the Defaulting Defendants' Seller Aliases according to the chart below:

| Defendant / Seller Alias | Profit Award |
|---|---|
| birene | $64.00 |
| Givenyou | $149.36 |
| Goosliipx | $11,025.89 |
| JiNanShiLiChengQuJinZhiXiuYiShuPeiXunXue XiaoYouXianGongSi | $26.20 |
| KEEPBEAUTY | $383.71 |
| ZZRC | $33.45 |
| a serene life | $13.45 |
| abaidedian | $1,583.40 |
| Aidubaos | $68.88 |
| AkiMADE | $639.74 |
| CC Success | $158.06 |
| CenShen | $220.50 |
| Chenrisheng Shop | $44.84 |
| Customized cosmetic bag Fkr | $52.08 |
| Da wang shoes | $311.41 |
| dadaxiaoxiao | $53.54 |
| Good Idea Clothing Shop | $78.12 |
| GUO MGJND | $323.51 |

| Defendant / Seller Alias | Profit Award |
|---|---|
| HKTWWM | $0.00 |
| Homestead HavenGO | $55.26 |
| LAIWEIBING | $38.94 |
| LIAODUOXIA | $29.01 |
| LIME FOFEN | $157.62 |
| Maneki Nekos | $49.48 |
| Mans shoe | $106.24 |
| NGSA | $101.64 |
| OOPOWO shoopff | $126.81 |
| QINGTINGDUIZ | $32.77 |
| QingXIA ZZ | $55.78 |
| REWQDX | $50.72 |
| RTYERT | $49.74 |
| ruihangdianzi | $445.51 |
| Slippers Life | $98.34 |
| SparkleHome Living | $78.80 |
| Strong Black Eagle | $59.52 |
| Trend Accent | $141.80 |
| XiaoHuaYouXuan | $16.30 |
| XIAOKEDOU | $59.62 |
| XIGUAYA | $14,788.08 |
| YUKIKIKI | $46.29 |
| yunnvxiaodian | $26.80 |
| yunshengdebaihuo | $102.27 |
| zai shoes | $142.10 |
| zhumexiaodu | $18.82 |

6. Plaintiff may serve this Order on Third Party Providers by e-mail delivery.

7. Any Third Party Providers holding funds for Defaulting Defendants shall within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases from transferring or disposing of any funds, up to the above identified profits award, or other of Defaulting Defendants' assets.

8. All monies, up to the above identified profits award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers are hereby released to Plaintiff

as partial payment of the above-identified award, and Third Party Providers are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

9. Until Plaintiff has recovered full payment of monies owed to them by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers shall within seven (7) calendar days:

    a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in the Complaint and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies, up to the above identified profits award, currently in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified award within seven (7) calendar days of receipt of this Order.

10. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

This is a Final Judgment.

Dated: June 5, 2026

_Mary M Rowland_
MARY M. ROWLAND
United States District Judge